UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VERICK VICTOR MASON,<br><br>           Plaintiff,<br><br>   v.<br><br>DOE et al.,<br><br>           Defendants. | CASE NO. 3:20-CV-06224-BHS-DWC<br><br>ORDER TO SHOW CAUSE OR AMEND |

Plaintiff Verick Victor Mason proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Proposed Complaint under 28 U.S.C. § 1915A, the Court declines to serve the Proposed Complaint but provides Plaintiff leave to file an amended pleading by March 1, 2021 to cure the deficiencies identified herein.[1]

---

[1] Plaintiff's Application to Procced *In Forma Pauperis* ("Motion to Proceed IFP") is also pending before the Court. Dkt. 4. As it is unclear if Plaintiff can cure the deficiencies of the Proposed Complaint, the Court declines to rule on the Motion to Procced IFP (Dkt. 4) until Plaintiff responds to this Order to Show Cause or Amend.

### I.     Background

Plaintiff, who is housed at the Pierce County Jail, initiated this civil rights action on December 17, 2020. Dkt. 1. Plaintiff maintains Defendants violated his Eighth and Fourteenth Amendment rights by failing to provide supplies for his Continuous Positive Airway Pressure ("CPAP") machine and placed Plaintiff in segregation for thirty days without explanation. Dkt. 4-2. Plaintiff seeks monetary damages. Dkt. 4-2 at 6. Based on the allegations in the Proposed Complaint, it is not clear if Plaintiff is a pretrial detainee or being held post-conviction. *See* Dkt. 4-2.

### II.    Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The Court is required to liberally construe pro se documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton*

1  *v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to
2  identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271
3  (1994) (citations omitted).

4      To satisfy the second prong, a plaintiff must allege facts showing how individually
5  named defendants caused, or personally participated in causing, the harm alleged in the
6  complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus. Machs.*
7  *Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a
8  constitutional right when committing an affirmative act, participating in another's affirmative act,
9  or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th
10 Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for
11 relief. *Leer*, 844 F.2d at 633.

12     As an initial matter, Plaintiff has not alleged sufficient facts demonstrating whether he is a
13 pretrial detainee or whether he has been incarcerated following a formal adjudication of guilt at the
14 time of the alleged violations. *See* Dkt. 4-2.[2] Plaintiff's custodial status will affect what legal
15 standard applies to his claims. It is also possible Plaintiff's custodial status has changed during the
16 time he has been housed at Pierce County Jail. Because "the Court cannot glean what claims for
17 relief might lay hidden in the narration provided by [P]laintiff and it is [P]laintiff's responsibility
18 to make each claim clear and provide only a short statement of facts supporting [each] claim,"
19 *Henderson v. Scott*, 2005 WL 1335220, at *1 (E.D. Cal. May 4, 2005), Plaintiff is ordered to file
20 an amended complaint which complies with Federal Rule of Civil Procedure 8 and this Order,

---

[2] Plaintiff uses the terms "inmate" and "incarcerated," but the Court finds without more information, the use of these terms is not sufficient to establish his custodial status. *See* Dkt. 4-2.

specifying whether he is a pre-trial detainee or being held post-conviction, and the specific timeframes relevant to his custodial status.

In addition, Plaintiff names one Doe Defendant and an unidentified "HSA" medical administrator. Dkt. 4-2. The use of "John Doe" to identify a defendant is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Although a plaintiff may be given an opportunity after filing a lawsuit to discover the identity of unknown defendants through discovery, the use of Doe or unidentified defendants is problematic because those persons cannot be served with process until they are identified by their real names. If Plaintiff wishes to pursue this § 1983 action, he must provide the names of Defendants identified as John Doe and the "HSA" medical administrator in an amended complaint.

**III.    Instructions to Plaintiff and the Clerk**

Due to the deficiencies described above, the Court will not serve the Plaintiff's Proposed Complaint. If Plaintiff intends to pursue this § 1983 civil rights action, he must file an amended complaint on the form provided by the Court.

The amended § 1983 complaint must contain a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of

the original complaint by reference. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before March 1, 2021 the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915A.

The Clerk's Office is directed to re-note Plaintiff's Motion to Proceed IFP (Dkt. 4) for consideration on March 1, 2021. The Clerk is further directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

Dated this 27th day of January, 2021.

David W. Christel
United States Magistrate Judge