UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Verick Victor Mason,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SGT WATKINS, PIERCE COUNTY, NAPHCARE, JESSICA WILLIAMS, TRINA LEWIS, JOHN SLOUGHTHOWER,<br><br>　　　　　　Defendant. | CASE NO. 3:20-cv-06224-BHS-DWC<br><br>ORDER DENYING SECOND MOTION TO APPOINT COUNSEL |

　　The District Court referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Currently pending before this Court is Plaintiff's Second Motion for Court Appointment of Counsel. Dkt. 24.

　　This Court denied Plaintiff's First Motion for Court Appointment of Counsel (Dkt. 13), finding Plaintiff had not shown that his case involves complex facts or law, or that he is unable to articulate the basis for the relief he seeks. Dkt. 19 at 2. Upon review of his second motion, the Court continues to find that Plaintiff has not met the showing required for court-appointed counsel.

1    No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v.*
2  *Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S.*
3  *Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is
4  discretionary, not mandatory"). However, in "exceptional circumstances," a district court may
5  appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28
6  U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), overruled on other
7  grounds, 154 F.3d 952 (9th Cir. 1998).

8    To decide whether exceptional circumstances exist, the Court must evaluate both "the
9  likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro
10 se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328,
11 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff
12 must plead facts showing he has an insufficient grasp of his case or the legal issues involved and
13 an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp.*
14 *of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). A plaintiff's inexperience with courtroom
15 procedure does not constitute an exceptional circumstance warranting the appointment of
16 counsel. *See Frye v. State of California*, No. 14-cv-05470-YGR (PR), 2016 WL 1461942, at *1
17 (N.D. Cal. Apr. 14, 2016) (finding petitioner "failed to make the requisite showing for
18 reconsideration" of court's denial of request for appointment of counsel because ignorance of the
19 legal system, among other things, is not an "exceptional circumstance").

20    In his motion Plaintiff claims he is "mentally handicapped to courtroom procedure" and
21 that he lacks "the ability to grasp the complexity of legal issues involved in [his] case." Dkt. 24
22 at 2. Yet, the Court is able to read Plaintiff's handwriting and understand the reasons he believes
23 he is entitled to relief. Plaintiff has not shown, nor does the Court find, that his case involves

24

complex facts or law, or that he is unable to articulate the basis for the relief he seeks. Plaintiff has proven capable of filing motions, as well as replies to Defendants' motions, with sufficient aptitude for the Court to rule. The Court also continues to find that Plaintiff's claims are not likely to succeed on the merits.

Thus, the Court concludes that Plaintiff's Section 1983 claims do not involve exceptional circumstances entitling him to appointed counsel. *See Storseth*, 654 F.2d at 1353.

Accordingly, Plaintiff's motion (Dkt. 24) is denied without prejudice.

Dated this 19th day of July, 2021.

David W. Christel
United States Magistrate Judge

ORDER DENYING SECOND MOTION TO
APPOINT COUNSEL - 3