UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Verick Victor Mason,

        Plaintiff,

v.

SGT WATKINS, PIERCE COUNTY, NAPHCARE, JESSICA WILLIAMS, TRINA LEWIS, JOHN SLOUGHTHOWER,,

        Defendant.

CASE NO. 3:20-cv-06224-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: August 6, 2021

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Before the Court is Defendants NaphCare, Inc., Jessica Williams, and Jonathan Slothower (erroneously named John Sloughthower) Motion to Dismiss. Dkt. 22.

## BACKGROUND

On December 17, 2020, Plaintiff, a pretrial detainee housed in the Pierce County Jail, initiated this civil rights action. Dkt. 1. The Court screened his proposed Complaint and issued an

order for Plaintiff to show cause or amend. Dkt. 5. That order advised Plaintiff that his claims were deficient and explained how he could cure them. *Id.* at 4.

On March 9, 2021, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a new Complaint, asserting two grounds for relief. Dkt. 8. His first ground alleges Defendants Pierce County and Sargent Watkins violated his rights by placing Plaintiff in segregation for thirty days without explanation. Dkt. 8 at 4-5. His second ground alleges NaphCare, Inc., Jessica Williams, and Jonathan Slothower (the Medical Defendants) denied him medical treatment in the form of Continuous Positive Airway Pressure (CPAP) supplies. Dkt. 8 at 6-7.

In April 2021, Plaintiff filed a Motion to Appoint Counsel (Dkt. 13), which this Court denied (Dkt. 19). On May 14, 2021, Plaintiff filed a Second Motion to Appoint Counsel (Dkt. 24), which this Court also denied (Dkt. 32).

In April 2021, Plaintiff also filed a Motion "For Judge to Order NaphCare to Adhere to Medical Needs"[1] (Dkt. 17), which this Court construed as a motion for a temporary restraining order, and ordered all Defendants to file a joint response (Dkt. 25).

On June 14, 2021, Defendants responded, explaining that Plaintiff's Complaint and motion did not include facts suggesting serious irreparable harm, that in any event the medical evidence indicated Plaintiff had been seen regularly by providers in the jail regarding his CPAP machine and had been adequately supplied with the filtered water required to use the machine, the supplies needed to maintain it, and new filters whenever he requested them. Dkt. 27 at 2, 6.

---

[1] Notably, this motion and other briefing submitted by Plaintiff contains allegations not included in his claim against the Medical Defendants, and therefore not relevant to resolving the Medical Defendants' motion to dismiss. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("When reviewing a motion to dismiss, we 'consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.'") (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (per curiam)).

In addition, the records indicated that a jail physician authorized Plaintiff to regularly come into the office and clean the parts in need of handwashing. Dkt. 28-4 at 2. Thus, according to the Medical Defendants, Plaintiff was unlikely to succeed on the merits of his claim and was therefore not entitled to a preliminary injunction. Dkt. 27 at 6.

At that time, the Medical Defendants' Motion to Dismiss for Failure to State a Claim came pending on June 4, 2021. Dkt. 22. Plaintiff failed to file a timely response, prompting the Medical Defendants to request that the Court construe Plaintiff's silence as an admission to the merits of their motion, pursuant to Local Civil Rule 7(b)(2).[2] Dkt. 26. However, before the Court ruled on the motion, on June 18, 2021, the Medical Defendants filed a Sur-reply indicating they had received through the mail what appeared to be Plaintiff's Response to their Motion to Dismiss, though it was not signed or accompanied by a certificate of service, and was not filed with this Court. Dkt. 29.

Finally, on June 22, 2021, Plaintiff filed two identical documents—one docketed as "Motion for Extension of Time to File Response to Motion to Dismiss for Failure to State a Claim" (Dkt. 30), and the other docketed as "Response." (Dkt. 31)—in which Plaintiff states he "was served with a motion on Friday with no chance to Reply." The Court construes Docket 30 as a request for additional time, grants that request, and considers Docket 31 to be Plaintiff's Response to the Medical Defendants' Motion to Dismiss.[3]

---

[2] Local Civil Rule 7(b)(2) states, in relevant part, "Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."

[3] In their Sur-reply the Medical Defendants preemptively move to strike potential attachments to Plaintiff's Response based upon the mailing Plaintiff sent to them but did not file with this Court. Dkt. 29 at 3. Since Plaintiff's Response (Dkt. 31) does not contain attachments, the Medical Defendants' Motion to Strike (Dkt. 29) should be denied as moot.

However, the only reference to any issues pending in this case is that Plaintiff has not been cleaning his CPAP machine on a regular basis because no medical personnel have been put in charge of it. The remainder of Plaintiff's response addresses other issues not relevant to the pending motion.[4]

## STANDARD OF REVIEW

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While the Court must accept all the allegations contained in the Complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[4] *See also supra* note 1. In the remainder of the response Plaintiff references issues related to an alleged failure to treat his leg, knee, ankle, and associated needs.

REPORT AND RECOMMENDATION - 4

statements, do not suffice." *Id.*; *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe the complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471.

## DISCUSSION

To state a claim under 42 U.S.C. §1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law, (2) and his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875 (1980). When a plaintiff fails to allege or establish any of these three elements his complaint must be dismissed.

A defendant cannot be held liable under 42 U.S.C. §1983 solely on the basis of supervisory responsibility or position. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 694 n.58 (1978); *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982). Rather, each defendant must have personally participated in the acts alleged. *Id*. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). It is therefore necessary for a plaintiff to set forth the specific factual basis upon which he claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

In this case, even construing pro se Plaintiff's claim against the Medical Defendants

liberally, it fails to state a claim upon which relief can be granted. *See e.g. Haines v. Kerner*, 404 U.S. 519(1972). Plaintiff (1) does not identify which, if any, Constitutional right the Medical Defendants allegedly infringed, and (2) does not allege when, where, or in what manner any of the Medical Defendants officially and personally participated in infringing one of his Constitutional rights.

While Plaintiff does allege Medical Defendant Jessica Williams gave instructions to a "Nurse Trina"[5] in September 2020 to not order CPAP supplies for inmates, and also instructed that Plaintiff could clean his device in the shower (Dkt. 8 at 6-7), these allegations do not allege infringement of a Constitutional right. *Pena*, 976 F.2d at 471. Moreover, Plaintiff's Complaint is devoid of any factual allegations regarding NahphCare, Inc., and fails to allege any personal involvement of Medical Defendant Jonathan Slothhower. *Monell*, 436 U.S. at 694 n.58

In light of the fact the Court previously provided Plaintiff with detailed instructions on how to cure pleading deficiencies, which he failed to follow, and in consideration of Plaintiff's failure to timely respond to the motion to dismiss, the Court finds further leave to amend is not warranted and would be futile. *See Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013).

## CONCLUSION

Based on the foregoing, the Court concludes Plaintiff has failed to state a claim on which relief can be granted as to the Medical Defendants. Accordingly, the Court recommends the Medical Defendants' Motion to Dismiss (Dkt. 22) should be GRANTED, and they should be dismissed from this case.

---

[5] "Nurse Trina", named in the Complaint as "Trina Lewis", has not been served and is not represented by counsel for the Medical Defendants. *See* Dkt. 8, 11.

In making this recommendation, the Court also order the following: Plaintiff's Motion for Extension of Time to File Response to Motion to Dismiss for Failure to State a Claim (Dkt. 30) is GRANTED; Plaintiff's Motion "For Judge to Order NaphCare to Adhere to Medical Needs" (Dkt. 17) is DENIED as moot, and the Medical Defendants' Motion to Strike (Dkt. 29) is DENIED as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on August 6, 2021, as noted in the caption.

Dated this 22nd day of July, 2021.

David W. Christel
United States Magistrate Judge