UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VERICK VICTOR MASON,

        Plaintiff,

v.

WATKINS, et al.,

        Defendant.

CASE NO. 3:20-cv-06224-DGE-DWC

REPORT AND RECOMMENDATION

Noting Date: February 18, 2022

The District Court has referred this action filed under 42 U.S.C. § 1983 to United States Magistrate Judge David W. Christel. Currently pending before the Court is Plaintiff's Motion for Summary Judgment (Dkt. 39) and Defendants' Cross Motion for Summary Judgment (Dkt. 42).

BACKGROUND

On December 17, 2020, Plaintiff, a pretrial detainee housed in the Pierce County Jail, initiated this civil rights action. Dkt. 1. The Court screened his proposed Complaint and issued an order for Plaintiff to show cause or amend. Dkt. 5. That order advised Plaintiff that his claims were deficient and explained how he could cure them. *Id*. at 4.

On March 9, 2021, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a new Complaint, asserting two claims for relief. Dkt. 8. His first claim alleged Defendants Pierce County and Sergeant Watkins violated his rights by placing Plaintiff in segregation for thirty days without explanation. Dkt. 8 at 4-5. His second claim alleged NaphCare, Inc., Jessica Williams, and Jonathan Slothower and associated medical personnel (the Medical Defendants) denied him medical treatment in the form of Continuous Positive Airway Pressure (CPAP) supplies. Dkt. 8 at 6-7.

After this Court denied Plaintiff's repeat motions for court-appointed counsel (Dkt. 13, 19, 14, 32), he filed a motion that the Court construed as a request for a temporary restraining order against the now-dismissed Medical Defendants (Dkt. 17). Before the Court ruled on that motion, however, the Medical Defendants filed a Motion to Dismiss for Failure to State a Claim (Dkt. 22), which this Court recommended granting, and which the District Court adopted on August 24, 2021 (Dkt. 33, 35), dismissing Claim Two of Plaintiff's Complaint (Dkt. 8 at 6).

On October 29, 2021, Plaintiff filed a Motion for Summary Judgment of his remaining claim. Dkt. 39. The remaining defendants—Pierce County and Sergeant Watkins (hereinafter "Defendants")—responded and filed a Cross Motion for Summary Judgment. Dkt. 40, 42. Plaintiff failed to timely respond, prompting Defendants to file a Reply indicating that Plaintiff is now out of their custody and may need more time to receive his mail. Dkt. 44. Accordingly, the Court re-noted both motions from December 17, 2021 to January 14, 2022. Dkt. 48. The Court did not receive a Response from Plaintiff.

## STANDARD

Summary judgment is proper only if the pleadings, discovery, and disclosure materials on file, and any affidavits, show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

REPORT AND RECOMMENDATION - 2

showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586(1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"); *see also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Only admissible evidence may be considered in ruling on a motion for summary judgment. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002); *see also* Fed. R. Civ. P. 56(e). A party may object to cited documentation asserting the material would not be admissible in evidence. Fed. R. Civ. P. 56(c)(2). Admissible declarations or affidavits must be based on personal knowledge, must set forth facts that would be admissible in evidence, and must show the declarant or affiant is competent to testify on the matters stated. Fed. R. Civ. P. 56(c)(4). Objections to evidence because the evidence is irrelevant, speculative, argumentative, vague and ambiguous, or constitutes an improper legal conclusion, is duplicative of the summary judgment standard itself. *See Burch v. Regents of University of California*, 433 F.Supp.2d 1110, 1119–20 (E.D. Cal. 2006).

DISCUSSION

I.    Motion to Strike/Admissible Evidence

In Claim One, Plaintiff alleges that Pierce County and Sergeant Watkins violated his rights as guaranteed by the Eight Amendment of the United States Constitution by placing him in

Administrative Segregation upon booking, where he allegedly remained for 30 days due to "unknown reasons." Dkt. 8 at 4-5. Plaintiff further alleges that during this period of time he was not permitted to keep a wheel chair in his cell, and he was denied a raised toilet seat. *Id*. at 5.

In his supporting brief, however, Plaintiff adds new claims and allegations that were not included in his Complaint. *See generally*, Dkt. 39. Defendant moves to strike them, "including the following: housing issues, lack of reasonable accommodations, violating the ADA, any references to the actions of other deputies, assertions that he didn't refuse having his blood taken for his diabetes checks, assertions that he didn't refuse meals, statements regarding whether or not he was walking in his cell without a wheelchair, grievances regarding medical care or treatment, violations of jail policies which are not identified, denial of medical care, references to Sergeant Watkins addressing his medical needs, and disability discrimination." Dkt. 40 at 3.

The Court concurs with Defendant that new legal allegations contained in Plaintiff's briefing in support of summary judgment but not in his Complaint constitute matters outside the pleadings upon which relief cannot be granted, pursuant to Fed. R. Civ. P. 8(a). However, Plaintiff's motion also contains an affidavit in which he avers that on September 26, 2020, Sergeant Watkins personally told him that due to his medical conditions and available space he would have to remain in Maximum Security (Dkt. 39 at 3) and that he does not believe he did anything to warrant disciplinary action[1] (*Id*. at 4-5). Further, Plaintiff indicates in his affidavit that he filed several verbal and written grievances regarding Defendants' failure to provide him, *inter alia*, with a wheelchair in his unit and a "toilet riser," however he did not receive a timely response. Dkt. 39 at 6-7, 13.

Because Plaintiff is *pro se*, the Court "must consider as evidence in his opposition to

---

[1] Notwithstanding Plaintiff's claim that Defendants failed to provide a reason for imposing disciplinary action, Plaintiff's motion references a "written report of the officers" arguing Sergeant Watkins should not [have deferred to] this document over "the personal testimony of [P]laintiff." Dkt. 39 at 11.

REPORT AND RECOMMENDATION - 4

summary judgment all of [Plaintiff's] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [Plaintiff] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004); Fed. R. Civ. P. 56(e).

Conversely, Defendants present evidence that Plaintiff was booked into the Pierce County Jail on Assault 1 and Felony Firearms charges on September 10, 2020, and was initially housed in Maximum Security due to his criminal history, pending charges, and medical needs. Dkt. 41 at 2, 12-17. Then, on September 25, 2020, Plaintiff was moved to Medium Security, where he lasted three days before being returned to Maximum Security on September 28, 2020 for making threats and disrespectful comments to staff. *Id*. at 23; Dkt. 43 at 23. Defendants aver that Plaintiff was again returned to Medium Security on August 9, 2021, where he remained for the duration of his stay. *Id*. at 2-3. Finally, according to Defendants, during the 15 days Plaintiff was in Maximum Security for disciplinary reasons he did not make any requests for a raised toilet seat or a wheelchair. Dkt. 40 at 4-5; Dkt. 41 at 25-30.

II.     Merits

To state a claim under 42 U.S.C. §1983 at least two elements must be met: (1) the defendant must be a person acting under color of state law, (2) and his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875 (1980). When a plaintiff fails to allege or establish any of these three elements his complaint must be dismissed.

A defendant cannot be held liable under 42 U.S.C. §1983 solely on the basis of supervisory responsibility or position. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 694 n.58 (1978); *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982). Rather, each defendant must have personally participated in the acts alleged. *Id*. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). It is therefore necessary for a plaintiff to set forth the specific factual basis upon which he claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Here, although Plaintiff alleges, in Claim One of the Complaint, that his Eighth Amendment rights were violated when Pierce County and Sergeant Watkins placed him in segregation for thirty days without explanation (Dkt. 8 at 4-5), the Court construes his claim to allege a violation of his Fourteenth Amendment Due Process rights, as it is the Fourteenth Amendment that governs conditions of confinement imposed upon pretrial detainees.

The United States Supreme Court has held that a pretrial detainee may not be punished by prison officials for the alleged crime or crimes that led to his incarceration. *Bell v. Wolfish*, 441 U.S. 520, 538-39 (1979). Nevertheless, a pretrial detainee may be disciplined for misconduct committed while awaiting trial. *Mitchell v. Dupnik*, 75 F.3d 517, 524 (9th Cir. 1996). Imposing sanctions on a pretrial detainee for misconduct is "constitutional if it serves some legitimate governmental objective such as addressing a specific institutional violation[,] and is not excessive in light of the seriousness of the violation." *Bell*, 441 U.S. at 538-39.

Plaintiff alleges he was placed in Maximum Security "for no reason," was not permitted to file grievances while there, and was denied a medically-necessary in-cell wheelchair and raised toilet seat. Dkt. 8 at 4-5; Dkt. 39 at 7. Yet, the record clearly indicates Plaintiff's return to

1  Maximum Security was for disciplinary reasons,[3] and that Plaintiff did file grievances while
2  there but none requested an in-cell wheelchair or a raised toilet seat.[4] According to Defendants,
3  "raising [Plaintiff's] security housing level up to where he had started, in Maximum-Security
4  housing, was appropriate and not a violation of Plaintiff's rights." Dkt. 42 at 10.
5        It is well established that "maintaining security and order" is a legitimate governmental
6  objective. *See Bell*, 441 U.S. 540; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th
7  Cir. 1995), *as amended*, 75 F.3d 448 (9th Cir. 1995) (hardship associated with administrative
8  segregation, such as confinement to one's cell for a lengthy period of time, does not violate the
9  Due Process Clause because there is no liberty interest in remaining in general population); *see*
10 *also Demery v. Arpaio*, 378 F.3d 1020, 1030 (9th Cir. 2004) (noting that "to constitute
11 punishment, the harm or disability caused by the government's action must either significantly
12 exceed, or be independent of, the inherent discomforts of confinement"). Plaintiff does not point
13 to any law, nor is the Court aware of any, holding that denial of a specific toilet seat or an in-cell
14 wheelchair constitutes "punishment." *See generally*, Dkt. 39. Accordingly, the Court finds that
15 Plaintiff's sanction of 15-days in Maximum Security was not punitive or excessive in light of the
16 misbehavior that put him there.
17       Moreover, Plaintiff fails to establish personal participation by Sergeant Watkins. Instead,
18 Plaintiff asserts that Sergeant Watkins knew of Plaintiff's situation, but "did nothing to prevent

---

20    [3] The Incident Report produced by Defendants indicates Plaintiff was returned to Maximum Security as a sanction for "repeated swearing or using vulgar language" and "threaten[ing] another [with] bodily harm or damage
21 to [property]." Dkt. 43 at 23.

22    [4] Notably, Defendants' motion appears to incorrectly state, "There were no grievances or kites filed by Plaintiff while he was in 3SF Maximum Security housing for 15 days **other than** those related to his raised toilet seat or CPAP machine." Dkt. 42 at 2 (emphasis added). However, the citation in support of this statement is Exhibit
23 6 of Sergeant Watkins' Declaration, which does not contain any grievances or kites regarding a raised toilet seat. *See* Dkt. 43 at 24-30.
24

it" or "correct it." Dkt. 39 at 4, 12. However, in a 42 U.S.C. §1983 action, "supervisory officials are not liable for actions of subordinates on any theory of vicarious liability." *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)). Rather, a supervisor may only be liable "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id.* at 646 (citation omitted). Such liability can be imposed, for instance, if the supervisor knew or reasonably should have known his subordinates would cause constitutional injury, or if his own conduct showed reckless indifference to the rights of others. *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (internal citations and quotation marks omitted); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (a supervisor is only liable for his subordinates' constitutional violations if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them").

Since Plaintiff cannot even establish a violation of his constitutional rights, he also fails to provide the Court with any facts that would support the claim Sergeant Watkins knew Plaintiff's constitutional rights were being violated, or what Sergeant Watkins should have done to remedy the alleged violation.

Finally, Plaintiff does not allege, much less prove, that Pierce County had a policy or custom that was the "moving force" behind the alleged violation of his constitutional rights. To state a claim against Pierce County Plaintiff would need to allege facts showing the municipality's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, Plaintiff's civil rights, or showing the municipality ratified the unlawful conduct. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). To

establish municipality liability under 42 U.S.C. §1983, Plaintiff must show: (1) a deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to Plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992); *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989). Plaintiff has not presented evidence of any of these elements.

In sum, this Court finds that Defendants have demonstrated the absence of a genuine issue of material fact in this case, and therefore recommends granting Defendants' Cross Motion for Summary Judgment (Dkt. 42) and denying Plaintiff's Motion for Summary Judgment (Dkt. 39).

## CONCLUSION

Based on the foregoing, the Court recommends GRANTING Defendants' Cross Motion for Summary Judgment (Dkt. 42) and DENYING, with prejudice, Plaintiff's Motion for Summary Judgment (Dkt. 39).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on February 18, 2022, as noted in the caption.

Dated this 31st day of January, 2022.

David W. Christel
United States Magistrate Judge